IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

DAWN M. KNEPPER (CASE)                                              PLAINTIFF

                 v.                             CIVIL NO. 14-3124

CAROLYN W. COLVIN, Commissioner
Social Security Administration                                            DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Dawn M. Knepper (Case), brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for a period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) benefits under the provisions of Titles II and XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

**I.    Procedural Background:**

Plaintiff protectively filed her current applications for DIB and SSI on December 20, 2011, alleging an inability to work since November 23, 2011,[1] due to deteriorating discs; arthritis in the back; depression; high blood pressure; asthma; and high cholesterol. (Tr. 138, 140, 179). An administrative hearing was held on September 10, 2013, at which Plaintiff appeared with counsel and testified. (Tr. 32-76).

---

[1] At the administrative hearing before the ALJ, Plaintiff, through her counsel amended her alleged onset date to November 12, 2012. (Tr. 35).

1

By written decision dated December 16, 2013, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 15). Specifically, the ALJ found Plaintiff had the following severe impairments: a disorder of the back; fibromyalgia; obesity; wells syndrome; and restless leg syndrome. However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 17). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except she is able to only frequently climb ladders, ropes, scaffolds, ramps or stairs and balance; occasionally stoop, kneel, crouch and crawl and she must avoid work that involves exposure to direct sunlight.

(Tr. 18). With the help of a vocational expert, the ALJ determined Plaintiff could perform work as an information clerk, an appointment clerk; and a telephone order clerk. (Tr. 23).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which after reviewing additional evidence submitted by Plaintiff, denied that request on November 3, 2014. (Tr. 1-6). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 6). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 9, 10).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

**II.    Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable

2

mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. § 423(d)(1)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from

doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given her age, education, and experience. See 20 C.F.R. §§ 404.1520, 416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of her residual functional capacity. See McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982), abrogated on other grounds by Higgins v. Apfel, 222 F.3d 504, 505 (8th Cir. 2000); 20 C.F.R. §§ 404.1520, 416.920.

### III.   Discussion:

Plaintiff argues the following issues on appeal: 1) the ALJ erred in making a credibility determination, specifically side effects caused by medication; 2) the ALJ failed to propound an accurate hypothetical question to the vocational expert; and 3) the ALJ erred in determining Plaintiff's RFC.[2]

#### A.   Subjective Complaints and Credibility Analysis:

The ALJ was required to consider all the evidence relating to Plaintiff's subjective complaints including evidence presented by third parties that relates to: (1) Plaintiff's daily activities; (2) the duration, frequency, and intensity of her pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of her medication; and (5) functional restrictions. See Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). While an ALJ may not discount a claimant's subjective complaints solely because the medical evidence fails to support them, an ALJ may discount those complaints where inconsistencies appear in the record as a whole. Id. As the Eighth Circuit has observed, "Our touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide." Edwards, 314 F.3d at 966.

---

[2] The Court has reordered the Plaintiff's arguments to correspond with the five-step analysis utilized by the Commissioner.

4

After reviewing the administrative record, it is clear that the ALJ properly considered and evaluated Plaintiff's subjective complaints, including the Polaski factors.  In assessing Plaintiff's complaints of chronic pain the ALJ noted Plaintiff's testimony that her chronic pain made it difficult to walk, and that due to numbness in her legs she had difficulty with taking care of her personal need.  However, in determining to only give Plaintiff's credibility partial weight, the ALJ noted that the medical evidence revealed that while at times Plaintiff had tenderness to palpation, Plaintiff was routinely noted to have a normal gait, with normal strength and range of motion.  (Tr. 972, 976, 983, 987, 992, 997).  The record also reveals that Plaintiff denied experiencing motor weakness, numbness and tingling, radicular pain or gait abnormalities in July of 2013.  (Tr. 964).

With respect to Plaintiff's Wells Syndrome, the medical evidence reveals that Plaintiff was treated for lesions caused by this impairment, and that they responded well to treatment. In fact, there are times during the relevant time period that Plaintiff was noted to have no lesions or rashes.  (Tr. 972, 1052, 1055).  Additionally, although Plaintiff claims to suffer from medication side effects, the record does not support her allegations that these side effects were disabling. Furthermore, she did not report such side effects to her doctors. See Zeiler v. Barnhart, 384 F.3d 932, 936 (8th Cir. 2004) (alleged side effects were properly discounted when plaintiff did not complain to doctors that her medication made concentration difficult).

With respect to Plaintiff's alleged depression and anxiety, the record failed to demonstrate that Plaintiff sought on-going and consistent treatment from a mental health professional during the relevant time period. See Gowell v. Apfel, 242 F.3d 793, 796 (8th Cir. 2001) (holding that lack of evidence of ongoing counseling or psychiatric treatment for depression weighs against plaintiff's claim of disability).  In making a disability determination

5

the ALJ determined Plaintiff's alleged mental impairments to be non-severe, and found that these alleged impairments caused Plaintiff to have a mild restriction of activities of daily living, mild difficulties in maintaining social functioning, mild difficulties with maintaining concentration, persistence or pace, and no episodes of decompensation.

With regard to the third-party function report, testimony, and letters from Plaintiff's husband, mother and niece, respectively, the ALJ properly considered this evidence but found it unpersuasive. This determination was within the ALJ's province. See Siemers v. Shalala, 47 F.3d 299, 302 (8th Cir. 1995); Ownbey v. Shalala, 5 F.3d 342, 345 (8th Cir. 1993).

Therefore, although it is clear that Plaintiff suffers with some degree of limitation, she has not established that she is unable to engage in any gainful activity. Accordingly, the Court concludes that substantial evidence supports the ALJ's conclusion that Plaintiff's subjective complaints were not totally credible.

### B.    RFC Assessment:

RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). It is assessed using all relevant evidence in the record. Id. This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of her limitations. Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. Lewis v. Barnhart,

353 F.3d 642, 646 (8th Cir. 2003). "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect h[er] RFC." Id.

Plaintiff argues that the ALJ should have contacted her treating physicians to obtain a RFC assessment of Plaintiff's abilities during the time period in question. The Court first notes that a RFC assessment from a treating physician, although helpful, is not required. Stormo v. Barnhart, 377 F.3d 801, 807–08 (8th Cir.2004)(medical evidence, State agency physicians' assessments, and claimant's reported activities of daily living supported residual functional capacity assessment).

In finding Plaintiff able to perform sedentary work with limitations, the ALJ considered Plaintiff's subjective complaints, the medical records of her treating and examining physicians, and the evaluations of the non-examining medical examiners. Plaintiff's capacity to perform this level of work is supported by the fact that Plaintiff's examining physicians placed no restrictions on her activities that would preclude her performing the RFC determined during the relevant time period. See Hutton v. Apfel, 175 F.3d 651, 655 (8th Cir. 1999) (lack of physician-imposed restrictions militates against a finding of total disability. The ALJ also took Plaintiff's obesity into account when determining that Plaintiff could perform sedentary work. Heino v. Astrue, 578 F.3d 873, 881-882 (8th Cir. 2009) (when an ALJ references the claimant's obesity during the claim evaluation process, such review may be sufficient to avoid reversal). After reviewing the entire transcript, the Court finds substantial evidence supporting the ALJ's RFC determination for the time period in question.

### C. Hypothetical Question to the Vocational Expert:

After thoroughly reviewing the hearing transcript along with the entire evidence of record, the Court finds that the hypothetical the ALJ posed to the vocational expert fully set

7

forth the impairments which the ALJ accepted as true and which were supported by the record as a whole. Goff v. Barnhart, 421 F.3d 785, 794 (8th Cir. 2005). Accordingly, the Court finds that the vocational expert's opinion constitutes substantial evidence supporting the ALJ's conclusion that Plaintiff's impairments did not preclude her from performing work as an information clerk, an appointment clerk; and a telephone order clerk. Pickney v. Chater, 96 F.3d 294, 296 (8th Cir. 1996) (testimony from vocational expert based on properly phrased hypothetical question constitutes substantial evidence).

**IV.    Conclusion:**

Accordingly, having carefully reviewed the record, the undersigned finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision should be affirmed. The undersigned further finds that the Plaintiff's Complaint should be dismissed with prejudice.

DATED this 22nd day of February, 2016.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE